IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL HOFFMAN, #303582      *

    v.      *   CIVIL ACTION NO. AMD-07-1975

ROBERT KOPPEL, WARDEN      *
                          ***

MEMORANDUM

On July 25, 2007, the court received a 42 U.S.C. § 1983 complaint from Jessup Correctional Institution ("JCI") inmate Michael Hoffman ("Hoffman") alleging violation of his constitutional right to be secure and protected in a prison setting. Hoffman claims that in 2004, he was placed on protective custody due to "another inmate running a large money debt in the plaintiff's name" and after he was beaten by inmates Christopher Mills and Daniel Rosales because of that debt.[1] Paper No. 1. Hoffman states that at his annual case management review in April 2007, it was recommended he remain on protective custody. *Id*. He complains, however, that the following month a classification recommendation was made to move him off protective custody to general population where Mills and Rosales remain housed.[2] *Id*. Hoffman seeks injunctive relief, asking the court to

---

[1] Hoffman states that Daniel Rosales was his cellmate in 2003, and Rosales used his name to purchase tobacco from a member of a Mexican gang. Paper No. 5. He claims that in 2004, when a member of the gang told him he owed a lot of money for the tobacco, he informed the gang member that it was Rosales who purchased the tobacco and owed $300.00. *Id*. Hoffman states that Rosales and Christopher Mills subsequently assaulted him in the JCI yard and told him to "either pay the bill or check in." *Id*. He was placed on protective custody soon thereafter and Mills, Rosales, and the nicknames of the Mexican gang were placed on his enemy list. *Id*.

[2] The Maryland Department of Public Safety and Correctional Services Inmate Locator indicates that as of December 18, 2007, both Mills and Rosales are housed at JCI.

enjoin his removal from protective custody until a hearing is held to resolve the matter. *Id*. He also asks that counsel be appointed.[3] Paper No. 3.

On August 9, 2007, the Office of the Maryland Attorney General ("OAG") was ordered to file an immediate response to the complaint. Paper No. 4. Defendant's response, received on August 29, 2007, was construed as a dispositive filing and on October 25, 2007, Plaintiff was granted twenty days to file an opposition. Paper Nos. 10 & 11. Hoffman has filed various responsive pleadings. Paper Nos. 7-9, & 12. Defendant has filed a reply. Paper No. 13. For following reasons, defendant shall be required to file a supplemental response.

Defendant submits that there are no enemies on Hoffman OBSCIS list. Paper No. 6. He states that Hoffman has been on protective custody since 2002, and is currently double-celled with his co-defendant and brother Martin.[4] At his case management review in April 2007, Hoffman claimed that he owed a lot of money to inmates in JCI E-Building, that his debt was too high to pay back, and that his creditors were threatening to hurt him as a result. *Id*. The case management team noted Hoffman's statements and observed that he had been on protective custody since September 20, 2002, and had no listed enemies. *Id*. Two of the three team members nonetheless recommended that he remain on protective custody. At final review in May 2007, however, designees disapproved Hoffman's retention on protective custody based on a lack of "documented enemies." Paper No. 6.

---

[3] The court finds that Hoffman has been able to articulate his claims and the issues in this case are not complex. Counsel shall not be appointed in this matter at present. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984).

[4] Counsel for defendant states that he has checked with the JCI Litigation Coordinator who states that in 2003 Hoffman claimed that he owed money to Daniel Rosales, but did not mention Christopher Mills. Paper No. 6 at, n. 3. Defendant states that the information regarding Rosales has not been verified. *Id*.

In his responses Hoffman claims that defendant has "failed to enclose the documents which led to my original placement that justifies my remaining on P.C. for years, those documents do exist and there can be no dispute of my status during that time." Paper No. 9. In his affidavit, accompanied by a number of attachments, he reiterates that claims raised in his original complaint and indicates that he informed JCI officials in 2003 that he owed debts to various inmates for tobacco and drugs.   Paper No. 12.

In his reply, defendant claims that prior to filing this complaint, Hoffman has never mentioned being assaulted by Mills and Rosales. Paper No. 13. He provides additional case management information which documents that Hoffman was placed on protective custody on October 28, 2002, because he owed a lot of money to inmates in E-Building and was threatened with physical harm.  *Id*.  Defendant states that even then, Hoffman listed no enemies. *Id*. Further case management material from January 2006 indicates that Hoffman remained on protective custody, working sanitation.  *Id*.  Defendant argues that as Hoffman has been employed at JCI since 2004, he has had sufficient time to make arrangements to pay his debts.  *Id*.

The complaint before this court seeks injunctive relief. At present the court is not prepared to permanently deny or grant same. Hoffman has been assigned to protective custody since 2002, yet the court has only been provided minimal case management documents from 2003, 2006, and 2007 in response to his assertion that he is in imminent danger. For his part, Hoffman has provided conflicting information to this court regarding the date and reasons he was placed on protective custody.  The undersigned shall require defendant to provide a supplemental answer which responds to Hoffman's claims regarding inmate Rosales. The supplement shall include all additional case management sheets and base file materials reflecting Hoffman's classification history and

3

correspondence to and from JCI officials regarding the alleged threats to his safety since 2002.  An order follows.[5]

Date: December 18, 2007             __/s/_____
                                                                     Andre M. Davis
                                                                     United States District Judge

---

[5]Hoffman shall be afforded temporary emergency relief to ensure that he remains confined on protective custody until the resolution of this case.